IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

    v.              CRIMINAL NO. 04-52 ERIE

YAKEEN ROGERS

BOND REVOCATION HEARING

Proceedings held before the HONORABLE

SUSAN PARADISE BAXTER, Chief U.S. Magistrate

Judge, in Courtroom B, U.S. Courthouse, Erie,

Pennsylvania, on Friday, August 25, 2006.

APPEARANCES:
    MARSHALL J. PICCININI, Assistant United States
    Attorney, appearing on behalf of the Government.

    THOMAS W. PATTON, Assistant Federal Public

Defender, appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1             P R O C E E D I N G S

2

3        (Whereupon, the proceedings began at 10:35 a.m., on

4  Friday, August 25, 2006, in Courtroom B.)

5

6        DEPUTY CLERK:  The case before the court is United

7  States of America versus Yakeen Rogers.  It's docketed at

8  Criminal No. 04-52 Erie.  Representing the government is

9  Marshall Piccinini.  Representing the defendant is Thomas

10  Patton.

11        THE COURT:  Mr. Piccinini.

12        MR. PICCININI:  Yes, your Honor, this matter comes

13  before the court this morning as Mr. Rogers turned himself in

14   and was arrested last night on an outstanding bench warrant

15   that had been issued. Your Honor, if I could give a quick

16   procedural history.

17          THE COURT: Go ahead.

18          MR. PICCININI: Mr. Rogers pled guilty to a drug

19   charge on March 9, 2006. And since the beginning of this case,

20   he had been released on your order setting conditions of

21   release, requiring him to appear at all hearings. He was

22   scheduled for sentencing in June of 2006. Pretrial Services

23   provided him notice of that particular hearing, as well as

24   likely through counsel. He failed to appear. Judge McLaughlin

25   found that he failed to appear and issued a bench warrant for

3

1   his arrest. We're here today because that arrest warrant was

2   executed yesterday, and is it the government's request that Mr.

3   Rogers be detained pending his sentencing, which this morning

4   we got the sentencing date, which I believe is set for October

5   11th. Your Honor, unlike what typically we're in front of a

6   judge under 3142(g), we're here under 3143(a)(2). In order for

7   the defendant, after having pled guilty to this type of

8  offense, to be released by the court and not detained,

9  although, he was accorded an opportunity by Judge McLaughlin,

10  it appears to me the statute actually requires the defendant to

11  be detained pending sentencing. Unless several things occur.

12  One, if you find that there is a substantial likelihood that a

13  motion for acquittal or new trial would be granted. In light

14  of the plea being entered in this case, that is unlikely. Or

15  the attorney for the government has recommended that no

16  sentence of imprisonment be imposed. That's not the case here.

17  Unfortunately, the guidelines are against Mr. Rogers. Then you

18  would also still need to find by clear and convincing evidence

19  that he is not likely to flee or pose a danger to the

20  community. In light of his track history now of fleeing at the

21  time of his sentencing and being gone since June of this year,

22  I believe the court is required to order detention and request

23  that you do so.

24          THE COURT: I was looking for the bench warrant,

25  does anyone have a copy of it, it's not in the file?

4

1          MR. PICCININI: I do, your Honor. There is no

2   mention of detention, just his finding that he failed to

3   appear.

4          THE COURT:  That's really what I wanted to see

5   about.  Mr. Patton.

6          MR. PATTON:  Your Honor, we'd ask that you allow Mr.

7   Rogers to stay out on bond pending the October 11th sentencing

8   date.

9          THE COURT:  All right.  Mr. Rogers, I'm going to

10  have you detained until your sentencing date upon motion of the

11  United States and pursuant to the bench warrant signed by Judge

12  McLaughlin.  Of course, you could appeal this order to Judge

13  McLaughlin since it's coming from a magistrate judge.

14         MR. PATTON:  Yes, ma'am.

15         THE COURT:  Anything else?

16         MR. PICCININI:  No, your Honor.

17         MR. PATTON:  Nothing from the defendant.

18         THE COURT:  Thank you, very much.

19

20         (Whereupon, at 10:40 a.m., the proceedings were

21  concluded.)

22

23                       - - -

24

25

5

1 C E R T I F I C A T E

2

3

4    I, Ronald J. Bench, certify that the foregoing is a

5 correct transcript from the record of proceedings in the

6 above-entitled matter.

7

8

9

10

11 _____

12 Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25