**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4500
_____

UNITED STATES OF AMERICA,

v.

YAKEEN ROGERS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 04-cr-00052E)
District Judge: Hon. Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2008

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

_____

(Filed February 13, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Yakeen Rogers appeals his sentence stemming from a conviction for distributing and possessing with intent to distribute five or more grams of cocaine base (crack). As the District Court properly declined to credit Rogers' purported acceptance of responsibility, and as Rogers' sentence was reasonable in all other respects, we will affirm the District Court's judgment of sentence.

I.

As we write mainly for the parties, we only briefly recite the facts. After selling a quarter ounce of cocaine base to a confidential informant, Rogers was arrested and charged with distribution and possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). While Rogers originally adhered to the conditions of his pretrial supervision, he began to submit numerous positive drug tests (ultimately submitting more than 20 positive tests). During this pretrial period, Rogers was also arrested again, this time on charges of aggravated assault, recklessly endangering another person, and making terroristic threats, during an incident in which he and his brother struck his uncle in the face and body.

More than a year after a grand jury returned its one-count drug indictment, Rogers changed his plea to guilty. The presentence report (PSR) found Rogers to be a career offender with a base offense level of 34, but found that he was entitled to a three-point adjustment for acceptance of responsibility. With this offense level and his criminal history score of VI, Rogers would have received an advisory Sentencing Guidelines range

of 188 to 235 months. However, Rogers failed to appear for his scheduled sentencing hearing, causing a bench warrant to be issued for his arrest. Aware of the warrant out for his arrest, Rogers turned himself in to local police approximately two months later.

At his subsequently scheduled sentencing hearing, the Government first noted that while Rogers should receive a two-point increase in his base offense level under Section 3C1.1 of the Guidelines for engaging in obstructive conduct, since his base offense level was already 34, the enhancement would have no impact on his sentence. The Government also argued that Rogers was no longer entitled to a reduction in his base offense level for acceptance of responsibility, and the Court agreed. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Rogers to a term of 262 months imprisonment—which would equate to the lowest point on the applicable 262- to 327-month advisory Guidelines range.

II.

Rogers first appeals the District Court's refusal to award him a reduction for acceptance of responsibility under Section 3E1.1 of the Guidelines. Rogers concedes that he obstructed justice by failing to appear at his sentencing hearing and by remaining a fugitive for two months, yet contends that because of the "extraordinary" circumstances of his case—that he turned himself in to authorities—he is entitled to receive a sentence reduction for acceptance of responsibility. We review this issue for clear error. United States v. Williams, 344 F.3d 365, 379 (3d Cir. 2003) (explaining that since the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, we

review such claims under the "especially deferential" clear error standard).

The commentary to Section 3E1.1 of the Guidelines illustrates that a defendant whose conduct results in an enhancement under Section 3C1.1 ordinarily has not accepted responsibility under 3E1.1.  See U.S.S.G § 3E1.1, cmt. n.4; United States v. Partee, 301 F.3d 576, 580-81 (7th Cir. 2002).  The commentary also states that there may be "extraordinary cases" under which both the enhancement and the reduction apply.  See U.S.S.G. § 3E1.1, cmt. n.4.  Nevertheless, Rogers' case is hardly so extraordinary as to warrant a sentence reduction.  The evidence supports the District Court's finding that Rogers' failure to appear for his sentencing hearing was not a single isolated incident (he remained a fugitive for two months, submitted positive drugs tests, and was arrested for assault), that he turned himself in not out of a sense of contrition but because he was "too tired" remaining as a fugitive, and that Rogers deflected responsibility for his being "entrapped" by the confidential informant.  Appendix (App.) 95-96, 109.  Accordingly, the Court properly found that Rogers' case was not extraordinary, and we will affirm the District Court's judgment on this issue.  See United States v. Ayala, 47 F.3d 688, 691 (5th Cir. 1995) (holding that defendant's case was not "extraordinary" even where he cooperated with police after his earlier flight from custody).

III.

Rogers' second contention is that his 262-month sentence was both procedurally and substantively unreasonable.  As to procedural unreasonableness, Rogers claims that the Court gave presumptive weight to the Guidelines.  Specifically, Rogers focuses on the

4

fact that the Court voiced its agreement with his contention that he should be given a benefit for turning himself in, yet it refused to depart from the advisory Guidelines range.

To begin with, it does not follow as a logical matter that because the Court declined to depart from the advisory Guidelines range that it necessarily failed to account for Rogers having turned himself in to police custody.  After all, the Court sentenced Rogers to the lowest point of the advisory Guidelines range.  Moreover, the record clearly illustrates that the Court properly manifested its awareness of the advisory nature of the Guidelines after United States v. Booker, 543 U.S. 220 (2005), both during the guilty plea colloquy and at the sentencing hearing, and that the Court considered the § 3553(a) factors.  See, e.g., App. 105 ("In fashioning this sentence, I am required to consider various factors . . . [such as] [t]he background of this defendant[,] . . . [which] reflects a long and steady period of criminal activity sufficient at the end of the day to support the career offender status.").  Given the clear indications that the Court properly considered the § 3553(a) factors and that Rogers presents no evidence to the contrary, Rogers' sentence was procedurally reasonable.  See United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).

As to substantive reasonableness, Rogers contends that his sentence was greater than necessary to carry out the purposes of the Sentencing Reform Act.  In particular, Rogers stresses that the career offender provision "more than doubled" the applicable Guidelines range in an unreasonable fashion, and that the Court unreasonably failed to deviate from the enhancement brought about by his failure to appear at sentencing.

Appellant Br. at 34. In reviewing whether the § 3553(a) factors were reasonably applied to the circumstances of Rogers' case, we use a deferential standard, as the trial court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Cooper, 437 F.3d at 330 ("[T]he question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a). . . . Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).") (citation omitted).

To begin with, the District Court properly applied the career offender enhancement pursuant to U.S.S.G. § 4B1.1, as Rogers had at least two prior felony convictions for a controlled substance offense or a crime of violence. See U.S.S.G. § 4B1.1. In fact, Rogers had three qualifying felonies—two controlled substance offenses and one offense that was a crime of violence. Moreover, along these lines, the Court logically considered that Rogers "has a terrible criminal history, it's repetitive, it's occasionally violent." App. 60. With regard to Rogers' failure to appear, the Court specifically discussed the fact that "we can't have a situation where people literally flee and are gone for months without any ramification . . . there's a deterrent aspect to this." App. 97-8. Indeed, the increase in Rogers' sentence based on his failure to appear was particularly justified in light of his problematic term of pretrial supervision, including his arrest for assault and the numerous failed drug tests. Taken as a whole, and given the deferential standard with which we review sentencing determinations, we find the District Court's sentence was consistent

with the factors set forth in § 3553(a) and was substantively reasonable.

IV.

For these reasons we will affirm the District Court's judgment of sentence.